IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01750-GPG-CYC

QSR INTERNATIONAL L.D.C.,

    Plaintiff,

v.

QZCR S.R.L. and
SHEHZAD ALI,

    Defendants.

---

**ORDER**

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on Plaintiff QSR International L.D.C.'s Ex Parte Motion for an Order Authorizing Service by Alternate Means pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), ECF No. 15, which requests that the Court enter an order permitting the plaintiff to serve the defendants via email pursuant to Fed. R. Civ. P. 4(f)(3) and (h)(2).

As explained in more detail in the various Court filings, the plaintiff seeks a preliminary injunction to stop the defendant from operating restaurants in Costa Rica that the plaintiff alleges use trademarks and proprietary systems licensed by the plaintiff. *See generally* ECF No. 2. On June 26, 2025, District Judge Gallagher issued an Order in which he explained that he will not rule on the request for a preliminary injunction until after the defendants are provided with notice as required by Fed. R. Civ. P. 65(a)(1). ECF No. 14 at 1. He noted that "Hague Convention service can be time consuming and Plaintiff's business interests could well suffer during any unregulated interregnum" and explained that "Hague Convention service is not the only viable

process and foreign service pursuant to Rule 4(f) is also a viable path." *Id*. at 3. The instant motion takes Judge Gallagher up on his statement that "the Court will not read an alternative service request into the current briefing—it you want it, ask." *Id*.

Federal Rules of Civil Procedure 4(f) and 4(h)(2) govern service of an individual or corporation, partnership, or association located at a place not within any judicial district of the United States. Rule 4(f)(3) provides that service at a place not within any judicial district of the United States may be effected "by other means not prohibited by international agreement, as the court orders." *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (finding that the "district court properly exercised its discretionary powers to craft alternate means of service" when allowing party to serve Costa Rican entity under Fed. R. Civ. P. 4(f)(3)).

The plaintiff offers factual support for the proposition that the defendants are located in Costs Rica. ECF No. 15-1 ¶ 3. *See also* ECF No. 1 ¶¶ 2–3; ECF No. 1-2 at 1; ECF No. 1-5 at 1. Costa Rica is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 ("Hague Service Convention"). 20 U.S.T. 361; *see also* Hague Conference on Private International Law website, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited July 16, 2025). Costa Rica has not declared any opposition to Article 10 of the Hague Service Convention, which states, in part: "Provided the State of destination does not object, the present Convention shall not interfere with - a) the freedom to send judicial documents, by postal channels, directly to persons abroad, . . . ." Hague Service Convention, 20 U.S.T. 361 (also available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited July 16, 2025)). While there is a split among courts about whether email is included in "postal channels," the Court need not address this issue given that Costa Rica has not declared any

2

opposition to Article 10. *See Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd*., 2021 WL 915662, at *3–4 (E.D. Pa. Mar. 10, 2021) (collecting cases and concluding that service by email is permissible when receiving country objects to Article 10 because "postal channels" does not include email and allowing service by email under Fed. R. Civ. P. 4(f)(3)). Given that Costa Rica has not objected to an extra-judicial party sending judicial documents directly to individuals in Costa Rica via postal channels, even if email is a "postal channel," Costa Rica's lack of objection to service via that method means that service via email would not be in contravention of the Hague Service Convention. Accordingly, the plaintiff's request for service on the defendants via email pursuant to Rule 4(f)(3) is not prohibited by international agreement.

When a requested alternative method of service is not prohibited by international agreement, whether to permit the method "is a matter of discretion" for the Court. *Malone v. Highway Star Logistics, Inc*., 08-cv-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009) (citing *Brookmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)); *see also Rio Props*., 284 F.3d at 1016 ("[W]e commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."). Prior to granting a motion to allow alternate service under Rule 4(f)(3), "the court may require that plaintiff show that he made 'reasonable efforts to serve the defendant' and 'that the court's intervention will avoid further unduly burdensome or futile efforts at service.'" *Malone*, 2009 WL 2139857, at *2 (quoting *Studio A Entm't, Inc. v. Active Distribs., Inc*., No. 1:06CV2496, 2008 WL 162785, at *3 (N.D. Ill. Jan. 15, 2008)). In addition, the Court should assure itself that the proposed alternate method of service "comport[s] with constitutional notions of due process." *Rio Props*., 284 F.3d at 1016. To fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is "reasonably

3

calculated, under all the circumstances" to give notice to the defendants "and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the plaintiff previously provided the complaint and related documents from this lawsuit to the defendants via email and offers proof of receipt by defendant Ali and an in-house attorney for defendant QZCR S.R.L. ("defendant QZCR"). ECF No. 15-1 ¶¶ 4–5, 8–9; ECF No. 15-4; ECF No. 15-5. In addition, the plaintiff attempted service via personal delivery at an address for defendant QZCR in San Rafael de Alajuela, Costa Rica. ECF No. 15-1 ¶ 9. The plaintiff also provides screen shots from Whatsapp showing that defendant Ali is aware of the lawsuit. ECF No. 15-1 ¶ 10. In addition to this proof of attempted service and evidence that the defendants likely have notice of this lawsuit, the plaintiff also explains that defendant QZCR's counsel requested that all communication between the parties be conducted exclusively via email and has not since requested communication via any other method. ECF No. 15-1 ¶ 6; ECF No. 15-2 at 2. While the plaintiff does not offer any argument or evidence that it has attempted service under the Hague Service Convention, it is not required prior to the Court ordering service of process under Rule 4(f)(3). *See Rio Props.*, 284 F.3d at 1015 (teaching that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." (quoting *Forum Fin. Grp., LLC v. v. President & Fellows*, 199 F.R.D. 22, 23–24 (D. Me. 2001)); *Malone*, 2009 WL 2139857 at *1–2 (teaching that "Signatories [to the Hague Service Convention] can use a variety of additional methods of service."). In addition, the plaintiff's prior service attempts are both reasonably calculated to provide notice to the defendant and likely did do. *See, e.g., In Re Maxon Eng'g Servs., Inc.*, 418 B.R. 653, 666 (D.P.R. 2009) (finding it was "unquestionable that

4

Co-defendants are aware of this suit pending against them" where the defendants' attorney was provided with the complaint and summons and the co-defendants submitted declarations stating that they did not live at an address where the plaintiff attempted to effect service); *S.E.C. v. Tome*, 833 F.2d at 1086, 1093–1094 (2d Cir. 1987) (finding that the defendants had "full knowledge of the pendency of the action against them" due to the publicly-announced SEC investigation and a discussion among the defendants regarding risk and the size of potential legal fees).

Accordingly, given the time-sensitive nature of the relief requested by the plaintiff, the fact that the defendants likely already are aware of this lawsuit, and the fact that service via email is the method most likely to provide the defendants with actual knowledge of the lawsuit, it is hereby ORDERED that Plaintiff QSR International L.D.C.'s Ex Parte Motion for an Order Authorizing Service by Alternate Means pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), ECF No. 15, is GRANTED.

It is further ORDERED:

1. Pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2), the plaintiff is authorized to serve the defendants via email using the email addresses they have used in their communications with the defendants and their counsel, specifically: shan@grupoqzcr.com, legal@grupoqzcr.com, and jasl@sferalegal.com;

2. Such service shall be deemed effective as of the date on which the materials are transmitted;

3. The plaintiff shall file proof of service within three business days of completion;

4. Pursuant to the Court's June 26, 2025 Order, ECF No. 14 at 3, and contemporaneously with the service of process permitted by this Order, the plaintiff shall serve

5

the defendants with a proposed order regarding the plaintiff's pending Motion for Preliminary Injunction, stating with specificity the acts that will be prohibited if that motion is granted; and

5. Following confirmation of service, the plaintiff shall file a motion requesting that the Court schedule a new evidentiary hearing on the Plaintiff's Motion for Preliminary Injunction, ECF No. 2.

Entered this 17th day of July, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

6